UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALSAM BRANDS INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CINMAR, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-04829-WHO<br><br>**ORDER ON DEFENDANTS' MOTION TO EXCLUDE OPINIONS OFFERED BY DR. ROGER MCCARTHY**<br><br>Re: Dkt. No. 80 |

Defendants move for an order excluding plaintiffs' claim construction expert, Dr. Roger McCarthy, from offering any expert opinions in connection with the claim construction proceedings. Mot. at 1, 13 (Dkt. No. 80). The basis for the request is Patent Local Rule 4-2(b), which requires parties to disclose "any supporting extrinsic evidence" they intend to offer in support of their claim construction positions, and to "provide a description of the substance of [any supporting witness's] proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction." Patent L.R. 4-2(b). Defendants contend that plaintiffs' Rule 4-2(b) disclosure was inadequate, and that Dr. McCarthy's claim construction declaration includes opinions and extrinsic evidence beyond the scope of that disclosure. Mot. at 8-13; Reply at 2-9 (Dkt. No. 89). As an alternative to exclusion of Dr. McCarthy's testimony, defendants ask that they be given an opportunity to redepose Dr. McCarthy at plaintiffs' expense and that the claim construction briefing and hearing schedule be pushed back by three months "to allow [defendants] to complete the discovery [they] would have had if [plaintiffs] had complied with the Court's rules in the first instance." Reply at 12. Plaintiffs oppose the motion. Dkt. No. 83.

I agree with defendants that plaintiffs violated Rule 4-2(b) but do not find that exclusion is an appropriate remedy here. Rather, as Magistrate Judge Grewal recently found in roughly similar

circumstances, "a more appropriate remedy would be a further opportunity for [defendants] to explore the opinions [and extrinsic evidence] that [plaintiffs] did not disclose in advance." *Via Techs., Inc. v. Asus Comp., Int'l*, No. 14-cv-03586-BLF (PSG), Dkt. No. 158 at 5 (N.D. Cal. May 13, 2016) (declining to strike expert declaration for failure to comply with Rule 4-2(b) but allowing additional deposition of expert). I also find that the additional three months requested by defendants is not warranted given the discrete nature and limited amount of newly disclosed material. Instead, the claim construction briefing schedule is modified as follows to allow defendants the opportunity to address the newly disclosed opinions and extrinsic evidence:

- Plaintiffs shall make Dr. McCarthy available for an additional four hours of deposition by August 12, 2016. Plaintiffs shall pay for all costs associated with the additional deposition.
- The deadline for defendants' responsive claim construction brief is moved from August 5, 2016 to August 17, 2016.
- The deadline for plaintiffs' reply claim construction brief is moved from August 12, 2016 to August 22, 2016.

The claim construction hearing remains set for August 29, 2016 at 9:00 a.m. The hearing set for August 10, 2016 on defendants' motion to exclude is VACATED.

**IT IS SO ORDERED.**

Dated: 8/2/16

WILLIAM H. ORRICK
United States District Judge