UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALSAM BRANDS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CINMAR, LLC, et al., <br><br> Defendants. | Case No. 3:15-cv-04829-WHO <br><br> **ORDER ON JOINT DISCOVERY LETTER REGARDING DAMAGES INTERROGATORIES** <br><br> Re: Dkt. No. 139 |

On November 22, 2016, the parties filed a joint discovery letter identifying two issues regarding damages interrogatories. Dkt. No. 139. First, Frontgate contends Balsam Brands, Inc. failed to adequately respond to Cinmar's Interrogatory No. 4, which seeks information about Balsam Brands, Inc.'s damages, separate and apart from damages claimed by Balsam International Unlimited Company. Second, Balsam refuses to respond to Cinmar's Interrogatory Nos. 20-24 to Balsam International Unlimited, because Balsam claims No. 20 is compound of No. 4, and the additional interrogatories exceed the permissible discovery.

Under the Federal Rules, Balsam is required to disclose "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). Balsam's response stated that it: (1) "intends to seek lost profits on the 1,662 Flip Trees that it did not sell during the 2015 Christmas season"; and (2) "intends to seek a reasonable royalty on all Inversion Trees sold by Defendants for which lost profits are not available." Supplemental Response to Interrogatory No. 4 (Dkt. No. 139-1). Balsam further responded that "historical data on Balsam's cost, sales, inventory, and pricing" was included in materials produced. *Id*. at 10. Balsam has disclosed the information necessary to meet its computation of damages requirement, but fails to disclose an actual amount of damages. Balsam should calculate the amount of actual profits lost based on these figures, and supplement

its response with this amount. *See* Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2016), Ch. 11(II)-C.

Balsam contends that "calculating its lost profits on unsold trees will require more than just quantifying its actual profit margin in 2015 because Cinmar's infringing competition likely diminished Balsam's profit margins, such as by eroding prices." Dkt. No. 139, at 5. Balsam's experts are entitled to present their theory of damages, which may be different or in addition to what Balsam is currently aware of. This does not excuse Balsam from providing a computation as part of its initial disclosures, let alone in response to interrogatories being answered at the end of the discovery period. *See* The Rutter Group 2016, Ch. 11(II)-C ("The amount claimed in the initial disclosures is not a limit on damages recoverable at trial, at least where defendant is aware (e.g., through discovery) that a greater amount is sought.") .

As for the allocation of profits between the two plaintiffs, Balsam reports that it is currently supplementing its response to reference additional records, but ultimately, Balsam's experts will need to analyze the data to accurately quantify the allocation. Dkt. No. 139, at 5. Balsam's position is reasonable. Frontgate can wait for expert witness discovery to understand the precise allocation of profits between the plaintiffs.

This brings us to the second issue regarding Interrogatories No. 20 - 24 directed to Balsam International Unlimited. I ORDER Balsam International Unlimited to answer the interrogatories within seven days to the best of its ability, unless it asserts that its damages are identical to those claimed by Balsam except with respect to the allocation issue described above (in which case it should say so in response to the interrogatories).

**IT IS SO ORDERED**.

Dated: November 30, 2016

WILLIAM H. ORRICK
United States District Judge