1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    BALSAM BRANDS INC., et al.,
                                               Case No.  3:15-cv-04829-WHO
            Plaintiffs,
8
         v.                                    **ORDER GRANTING MOTION FOR
9                                              SANCTIONS**
     CINMAR, LLC, et al.,
10                                             Re: Dkt. No. 115
            Defendants.
11

12                              **BACKGROUND**

13          In October 2015, plaintiffs Balsam Brands Inc. and Balsam International Limited

14   (collectively, "Balsam") filed this patent infringement action against defendants Cinmar, LLC

15   d/b/a Frontgate and Grandin Road and Frontgate Marketing, Inc. (collectively, "Frontgate").  Prior

16   to the claim construction hearing, Frontgate moved to exclude the opinions of Balsam's expert Dr.

17   Roger McCarthy because Balsam's disclosures did not comply with Patent Local Rule 4-2.  Mot.

18   to Exclude Opinions (Dkt. No. 80).  Frontgate argued that it would be prejudiced in part due to the

19   costs and expenses associated with a second deposition of Dr. McCarthy.  *Id*. at 13.

20          I agreed with defendants that plaintiffs violated Rule 4-2(b), but found that exclusion was

21   not an appropriate remedy.  Order on Defendants' Motion to Exclude Opinions ("Prior Order")

22   (Dkt. No. 92).  Instead, I ordered plaintiffs to make Dr. McCarthy available for an additional four

23   hour deposition.  Because of Balsam's violation of the Local Rules, I also ordered that it "pay all

24   costs associated with the additional deposition."  *Id*. at 2.

25          On August 11, 2016, Frontgate deposed Dr. McCarthy a second time.  Mot. for Sanctions

26   ("Mot.") (Dkt. No. 115) at 5.  Frontgate then requested reimbursement for preparing for and

27   deposing Dr. McCarthy for a second time.  *Id*.  It sought only compensation for its lead counsel's

28   time, not for other attorney or administrative time.  *Id*. at 3-4.  It did not seek reimbursement for

time spent briefing.  *Id.* at 4.  But Balsam refused to pay.  It offered no explanation, sought no reduction in the amount, and presented no attempt to compromise.  *Id.*  It told Frontgate to go to court.  *Id.*  Frontgate did, and now seeks sanctions to recover attorneys' fees associated with lead counsel's time related to briefing the motion to exclude as well as deposing Dr. McCarthy a second time.  Mot. 2.

## LEGAL STANDARD

Frontgate argues three legal standards give the court authority to issue sanctions under these circumstances.  First, Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions against any  party that fails to abide by a court order to permit discovery.  Second, Local Rule 1-4 provides that counsel's failure to comply with a local rule may be grounds for sanctions.  And third, Frontgate cites *Unigard Security Insurance Co. v. Lakewood Engineering & Manufacturing Corp.* for the proposition that courts have inherent powers to impose discovery sanctions "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  982 F.2d 363, 368 (9th Cir. 1992).

## DISCUSSION

Balsam contends that it paid all costs associated with a second deposition of Dr. McCarthy, and will promptly pay any remaining invoices for costs associated with the deposition.  Bernstein Decl. ¶ 2 (Dkt. No. 130).  But Balsam insists that it should not have to pay associated attorneys' fees because "an award of fees on top of costs would be unjust."  Opp'n to Frontgate's Mot. for Monetary Sanctions Related to Mot. to Exclude Opinions Offered By Dr. Roger McCarthy ("Opp'n") (Dkt. No. 131) at 3.  I disagree.

### I.  Appropriate Standard

Frontgate relies on Federal Rule of Civil Procedure 37(b)(2), which states in part:

> *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).  Balsam does not address the applicability of this portion of the rule, but points to FRCP 37(a)(5)(A) to argue that "the court must not order a payment of expenses as

monetary sanction" under the circumstances.  Opp'n 1 (citing Fed. R. Civ. P. 37(a)(5)(A))[1]
(internal quotation marks omitted).  It argues that Frontgate is barred from recovering sanctions in
connection with the exclusion motion because (1) Frontgate did not confer with Balsam prior to
filing the motion; (2) Balsam was justified in opposing the motion and believed in good faith that
it had met its discovery obligations; and (3) "in light of these facts and the limited success of
Frontgate's motion, an award of expenses would be unjust."  Opp'n 1.  Frontgate replies that
FRCP 37(a)(5)(A) is inapplicable because the underlying motion was a motion to strike, not a
discovery motion.  Defendants' Reply In Support of its Mot. for Monetary Sanctions Relating to
their Mot. to Strike ("Reply") (Dkt. No. 135) at 1 ("That the Court awarded additional discovery
as an alternative to striking Dr. McCarthy's testimony does not morph Frontgate's motion into a
discovery motion.")

I agree with Frontgate that the appropriate standard is Federal Rule of Civil Procedure
37(b)(2).  The language in the Prior Order could have been more precise, but its intent was to
make Frontgate whole as a result of having to take an additional deposition required because
Balsam violated the Local Rules.  The Prior Order explicitly directed Balsam to "pay *all* costs
associated with the additional deposition."  Prior Order 2 (emphasis added).

Frontgate offered to forgo reimbursement for time spent briefing if Balsam agreed to pay
for the time associated with deposing Dr. McCarthy a second time.  Mot. 4.  It reasonably

---

[1] The rule states:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37.

1    concluded that, given Balsam's violation of the Local Rules, "all costs" included the attorneys'

2    fees associated with Dr. McCarthy's second deposition.  But instead, Balsam insisted Frontgate

3    make the present motion.

4         Now I must decide whether Frontgate should recover attorneys' fees associated with

5    briefing the motion to exclude, in addition to reimbursement of lead counsel's attorneys' fees for

6    deposing Dr. McCarthy a second time.  I will consider this question as I address the

7    reasonableness of the fees requested.

8    **II.  Reasonableness of Attorneys' Fees**

9         Reasonable fees are calculated using the "lodestar" method under which a Court multiplies

10   "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."

11   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Frontgate seeks reimbursement for 30.5 hours of

12   lead counsel's time, at an hourly rate of $500, for a total of $15,250.  Mot. 10.  Balsam does not

13   dispute the reasonableness of Frontgate's fees, only its right to reimbursement in the first place.  I

14   find that Frontgate's request is reasonable.

15        **A.  Hourly Rate**

16        A reasonable hourly rate is one that is "in line with those prevailing in the community for

17   similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v.*

18   *Stenson*, 465 U.S. 886, 895 n.11 (1984).  The party seeking the fee award has the burden of

19   submitting satisfactory evidence that its requested rate is reasonable.  *Id.*  Affidavits from the

20   moving party's attorney and other attorneys regarding prevailing rates in the community, and rate

21   determinations from other cases, are satisfactory evidence of a reasonable hourly rate.  *Welch v.*

22   *Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007); *United Steelworkers of Am. v. Phelps*

23   *Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  Once the moving party has shown that its

24   requested rate is in line with those prevailing in the community, the rate is presumptively

25   reasonable but may be adjusted on the basis of evidence that undermines its reasonableness.

26   *Welch*, 480 F.3d at 947-48.

27        Frontgate seeks a $500.00 hourly rate, which is the rate its lead counsel, Ms. Peden, bills

28   for this matter (her billing rate is typically $575.00).  *Id.* at 9.  Numerous cases in this District have

United States District Court
Northern District of California

4

1    found reasonable rates ranging from $475-$975, and even higher, for partners in the Bay Area.

2    *See* Mot. 10 (citing *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL

3    2438274, at *5 (N.D. Cal. May 21, 2015)).  The $500 hourly rate reasonable.

4        **B.  Hours Expended**

5        Frontgate seeks reimbursement for 30.5 hours of lead counsel's time, including 12.1 hours

6    briefing the motion to exclude, and 18.4 hours preparing for and taking Dr. McCarthy's second

7    deposition.  Mot. 8.  It does not seek reimbursement for other attorney and staff time, nor does it

8    seek reimbursement for costs such as the use of case databases, courier fees, and printing

9    expenses.  *Id*.  This is a judicious request.

10       In deciding whether Frontgate should be reimbursed for time spent briefing, I consider

11   three things: the underlying motion, Balsam's behavior, and Frontgate's behavior.  To start,

12   Frontgate succeeded on the underlying motion to exclude, notwithstanding Balsam's

13   characterization of the success as "limited."  Opp'n 1.  I found that Balsam violated Rule 4-2(b)

14   but crafted an alternative remedy to allow Balsam to use Dr. McCarthy's opinion during claim

15   construction, to allow Frontgate to re-depose Dr. McCarthy, and to require Balsam to "pay all

16   costs associated with the additional deposition."  Prior Order 2.  As discussed above, Balsam

17   should have paid Frontgate's lead counsel's fees, but passed on the opportunity to do so.

18       This brings me to Balsam's behavior.  Balsam may or may not have been "substantially

19   justified in making its disclosure and opposing Frontgate's motion to exclude."  Opp'n 2-3 (citing

20   *Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.*, No. C 10-01002 JW, 2011 WL 7295479 (N.D. Cal.

21   Apr. 7, 2011).  I declined to exclude Dr. McCarthy's opinion.  But as I discussed earlier, Balsam

22   lost its argument and should have complied with the Order or sought clarification if it was unclear

23   about its meaning.  It must pay for forcing Frontgate to file a motion to obtain what Frontgate had

24   won in the motion to exclude.

25       Frontgate's position is reasonable.  It won the motion to exclude, it initially sought only

26   what I allowed (reimbursement for the deposition, not the motion to exclude), and properly filed

27   this motion.  Even now, its request is modest: reimbursement for Ms. Peden's time, not others in

28   her firm, and fees for briefing the motion to exclude but not the motion for sanctions.  For all of

United States District Court
Northern District of California

5

these reasons, I GRANT Frontgate's motion.

<strong>CONCLUSION</strong>

Frontgate's motion for sanctions is GRANTED. Balsam is ordered to pay Frontgate the total amount of $15,250 for (1) the attorney's fees associated with briefing its Motion to Exclude Opinions Offered by Dr. Roger McCarthy totaling $6,050, and (2) its attorney's fees incurred for deposing Dr. McCarthy a second time totaling $9,200.

**IT IS SO ORDERED**.

Dated: December 6, 2016



WILLIAM H. ORRICK
United States District Judge